(83 Misc. Rep. 98.)

### SMITH v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

MUNICIPAL CORPORATIONS (§ 162*)—EMPLOYÉS—SALARIES.

    The board of aldermen of New York City passed a resolution establishing, in addition to the grades of positions existing, the position of stationary engineer in charge of the Criminal Courts Building. Plaintiff at the time of the passage of the resolution was acting as stationary engineer of the Criminal Courts Building, and had an office with the title of stationary engineer. *Held* that, as plaintiff was not given any new appointment and the resolution expressly declared that it created a new grade of positions, he was not entitled to the greater compensation provided by the resolution; a promotion to the new office being necessary to entitle him to such compensation.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 357–367, 369, 372, 374; Dec. Dig. § 162.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Charles W. Smith against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

See, also, 144 App. Div. 905, 907, 128 N. Y. Supp. 1139.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Archibald R. Watson, Corp. Counsel, of New York City (Terence Farley and Clarence L. Barber, both of New York City, of counsel), for appellant.

James M. Vincent, of New York City, for respondent.

LEHMAN, J. The plaintiff, prior to November 16th, was employed as a stationary engineer in the Criminal Courts Building, and was paid $4.50 per day. He was apparently in charge of the machinery in that building, and had an office title of stationary engineer in charge of the Criminal Courts Building. On November 16th the board of aldermen passed the following resolution:

"Whereas, the board of estimate and apportionment at a meeting held July 2, 1909, adopted the following resolution:

"'Resolved, that the board of estimate and apportionment, in accordance with the provisions of section 56 of the Greater New York Charter, hereby recommends to the board of aldermen the establishing of the following grades of positions under the jurisdiction of the president of the borough of Manhattan, in addition to those already existing therein:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

" 'Stationary engineer in charge of the Hall of Records.  One incumbent, $2,000 per annum.

" 'Stationary engineer in charge of Criminal Courts Building.  One incumbent, $2,000 per annum.

" 'Stationary engineer in charge of County Court House.  One incumbent, $2,000 per annum.'

"Resolved, that the board of aldermen hereby approves of and concurs in the above resolution, and fixes the salaries of and positions as set forth therein."

It appears undisputed that the plaintiff after the passage of the resolution received no new appointment to any position created by the resolution.  He merely continued to perform the same services as he had previously performed first in the Criminal Courts Building, and then in the County Court House, and was paid during that time the sum of $4.50 per day to December 27, 1909, and the sum of $5 per day to November 22, 1910.  For the purposes of this appeal it may be conceded that he was acting as stationary engineer in charge of these buildings.  Upon this proof he has been permitted to recover the difference between the wages received and the salary fixed for the position of stationary engineer in charge of the buildings where he was employed.

The plaintiff, in order to recover, must, of course, prove that he was the lawful incumbent of one of the positions named in the resolution, and therefore entitled by virtue of the resolution to the salary attached to the resolution.  If the resolution merely fixed the salary of any existing position at a higher salary, and such increase of salary did not amount to a "promotion" within the meaning of the Civil Service Law (Consol. Laws 1909, c. 7), then the plaintiff might have been entitled to the salary fixed by the resolution.  See People ex rel. Stokes v. Tully, 108 App. Div. 345, 95 N. Y. Supp. 916, 1153.  In this case, however, the resolution expressly provided for the establishment of "new grades of position in addition to those already existing." The resolution can therefore not be held to merely fix the salary of the existing grades.  The authorities passing the resolution may have contemplated, and probably did contemplate, that the stationary engineer actually in charge of the buildings named be paid the salary fixed in the resolution; nevertheless, before any person could become entitled to the emoluments of the new position, it was necessary that the appointing power should act in the manner provided by law for filling a new position.

It is not disputed that no such action has been taken, and the plaintiff is therefore not entitled to the salary fixed by the resolution.

Judgment should therefore be reversed, with costs, and the complaint dismissed, with costs.  All concur.